**MORTGAGE RECOVERY LAW GROUP LLP**
PAUL A. LEVIN (State Bar No. 229077)
LAUREN M. GIBBS (State Bar No. 251569)
700 North Brand Boulevard, Suite 830
Glendale, California 91203
TELEPHONE: (818) 630-7900 ♦ FACSIMILE: (818) 630-7920
e-mail: paul.levin@mortgagerecoveries.com
            lauren.gibbs@mortgagerecoveries.com

**Attorneys for Plaintiff**
**Federal Deposit Insurance Corporation**
**as Receiver for BankUnited, F.S.B.**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for BankUnited, F.S.B., <br><br> Plaintiff, <br><br> vs. <br><br> PACIFIC MORTGAGE CONSULTANTS, INC., a California corporation, <br><br> Defendant. | Case No. 4:15-cv-02236-SBA <br><br> Honorable Saundra Brown Armstrong <br><br> [~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |

## STIPULATED PROTECTIVE ORDER

This case, brought by the Plaintiff, the Federal Deposit Insurance Corporation ("FDIC") in its capacity as Receiver for BANKUNITED, F.S.B., ("FDIC-R"), necessarily involves confidential bank information and personally identifiable information of borrowers that are generally protected from disclosure under federal laws.  Accordingly, because of the strict federal laws governing the disclosure of such information, a protective order is necessary in order to protect the information, the parties, and others who may need to be exposed to or review the information.    Defendant PACIFIC MORTGAGE CONSULTANTS, INC. ("Pacific" or "Defendant"), appearing through its respective counsel of record, consent to the entry of this Order.  The parties also acknowledge that disclosure and discovery activity in this action are likely to involve production of confidential or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. It appearing to the Court that the requested stipulated relief is warranted and appropriate:

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      **Scope of Protective Order.** The parties contemplate that in the course of this litigation they may produce to one another certain Confidential Documents, as defined below, or portions of Confidential Documents in their possession.   The parties shall not utilize this stipulation to unreasonably designate documents as "confidential" that do not meet the definitions contained herein.   The term "Document" is comprehensively defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure, which defines document to include writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, including electronically stored information. The term "Confidential Documents" shall specifically include, but not be limited to:

(a) Regulatory Information:  Confidential Documents related in any way to the regulation or supervision of BANKUNITED, F.S.B., ("Bank"), in whatever form, whether preliminary or final, including reports of examination or inspection, regulatory correspondence, reports, orders, memoranda, or agreements by, from or with the FDIC, the Board of Governors of the Federal

Reserve System, the Office of Financial and Insurance Regulation ("OFIR"), or any other federal or state regulatory authority, and any documents containing confidential or privileged information obtained from any documents or records related to the supervision or regulation of the Bank. The release of any such regulatory documents may require prior approval from independent government agencies. No regulatory documents, however obtained, will be disclosed to anyone other than Defendants and other persons or entities identified in paragraph 4 below without prior approval by the respective regulatory authority or a court order. Confidential Documents also include documents that are privileged, confidential, or exempt from disclosure as provided in the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), the regulations governing the disclosure of information, 12 C.F.R. Parts 261 and 309, the laws of the State of Florida including, or any other applicable federal or state laws.

(b) Bank and Bank Customer Information: Confidential Documents related to the Bank, or any other bank or financial institution, its customers, or any trading company involved in placing orders for commodities futures or options, including but not limited to: Automated Clearing House items or transactions, chargebacks, merchant processing, bank account information, customer bank records, signature cards, bank statements, general ledger entries, deposit or reserve information, commodity trading statements, loans and lending transactions, loan applications, financial statements and credit reports, business and personal state and federal income tax forms, correspondence, and loan documentation relating to any extension of credit or loan to any borrower. Examples of Confidential Documents also include, without limitation, documents containing a bank or financial institution, including the Bank, customer's name, address, social security number, date of birth, account number, credit card number, personal identification number, account balance, information relating to a deposit account, loan or borrower relationship, loan application materials, or any other identifying information.

(c) Receivership Information: Confidential Documents related to the receivership of the Bank, including any information on loss or estimates of such loss on the Bank's assets that is not publicly available. Notwithstanding the provisions of paragraph 4 of this Protective Order, no Confidential Documents shall be disclosed to any person or entity known to have any current

or prospective interest in such assets, whether or not that person or entity would otherwise be allowed access to documents and information under the terms of this Order.

(d)   Trade Secret/Proprietary Information:   Documents and information that the producing party reasonably believes constitute, reflect, or disclose trade secrets, proprietary data or commercially sensitive information. These include underwriting manuals, agency guidelines, agency agreements, underwriting bulletins and similar proprietary agency documents.  Irrespective of any confidential designation by a producing party, this Protective Order shall not apply to any documents independently obtained from a non-party on an unrestricted basis.

**2.   Manner of Designation.**  The parties shall designate Confidential Documents by stamping or otherwise marking them with the legend "Confidential" or similar language.  The terms of this Order are also applicable to Confidential Documents produced by a non-party in this action and designated as "Confidential," provided that such non-party signs a written agreement to be bound by this Order in the form attached as Exhibit A.  Any document marked in this manner by either party or a non-party shall be subject to this Order.

**3.   Disclosure of Confidential Documents Prohibited.**  Confidential Documents shall be used only for the purpose of this action and for no other purpose.  Except as provided by the express terms of this Protective Order, all persons subject to this Order shall refrain from disclosing in any manner any information set forth in any Confidential Documents.  The transmission of Confidential Documents between the FDIC in its capacity as Receiver for the Bank and the FDIC acting in any other capacity shall not constitute disclosure for purposes of this Order.  Any such Confidential Documents transmitted among various capacities of the FDIC shall remain subject to this Order and its prohibition on disclosure.

**4.   Exceptions to Prohibition on Disclosure.**  Counsel for a party to this action may disclose Confidential Documents to the following persons, to the limited extent such disclosure is necessary, under the following specified circumstances:

(a)  Officers or employees of any party in this action who are assisting counsel in the prosecution or defense of this action to the extent necessary for such assistance (including, but not limited to, the parties' attorneys, investigators, paralegals and other employees);

(b)   Personnel of or counsel to any insurance company that issued any insurance policy under which Defendant is an insured (including, but not limited to, the Board of Directors, in-house attorneys, outside attorneys, investigators, experts, consultants, senior executives, and employees of any such insurance company) conducting, assisting, monitoring,  reviewing, or making determinations with regard or related to the litigation, provided that each such person signs a written agreement to be bound by this Order in the form attached as Exhibit A; and reinsurers, auditors, or regulators to which any such insurance company is required to respond or report in the ordinary course of business regarding the subject matter of this litigation, but only so long as such persons or entities are already subject to substantially similar confidentiality obligations;

(c)   As to the FDIC-R: (i) auditors or examiners required or authorized by law to review materials that may include Confidential Material; (ii) persons to whom the information is required to be made available under FOIA or the FDIC's FOIA regulations, 12 C.F.R. 309.5, upon receipt of a proper FOIA request for such information; and (iii) individuals and entities permitted access to exempt information under 12 C.F.R. 309.6;

(d)   Persons specially retained by any of the attorneys or parties to this action to assist in the preparation of this action, including but not limited to vendors, experts, consultants, mediators and arbitrators, provided that such persons require access to the Confidential Documents or information in order to perform the services for which they have been retained and provided that each such person signs a written agreement to be bound by this Order in the form attached as Exhibit A;

(e)   Any person of whom testimony is to be taken in this litigation, provided that such a person may only be shown Confidential Documents to the extent necessary for such testimony and provided that such person is apprised of the confidential nature of the documents pursuant to Paragraph 5, below;

(f)   Officers, employees and attorneys of any closing agent(s) identified in the Complaint provided that such person is apprised of the confidential nature of the documents pursuant to Paragraph 5, below; and

(g)   Court reporters to the extent necessary for them to record testimony at deposition, trial, or court proceedings.

5.   **Counsel's Obligation to Inform.**  Prior to disclosing Confidential Documents to any person pursuant to paragraphs 4(a)-(e), counsel shall:

(a) Apprise that person of the confidential nature of the documents;

(b) Apprise that person that this Court, pursuant to this Order, has restricted the use of such documents; and

(c) Show that person a copy of this Order, specifically informing him of the contents of this Paragraph.

6.   **Non-waiver of Privilege; Inadvertent Disclosure.**  Nothing in this Order shall require the disclosure of any material that a producing or designating Party contends is protected from disclosure by any privilege, including, but not limited to, attorney-client communications or attorney work product ("Privilege"), or other objection to discovery. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the Court hereby orders that no Privilege shall be waived by the production of documents or disclosure of information in this action, and the parties shall not have to meet the requirements of Federal Rule of Evidence 502(b)(1)-(3). The production of any document or information protected by, or claimed to be protected by, Privilege or other objection to discovery shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of Privilege or other objection to discovery that any party would otherwise be entitled to assert. If a claim of Privilege is made with respect to documents or information then in the custody of a receiving party, the receiving party shall promptly return the documents or information and all copies thereof to the party asserting the Privilege and the receiving party shall not use such information for any purpose. A receiving party may promptly thereafter seek a ruling under seal from the Court with respect to the validity of the assertion of privilege, an issue on which the party asserting privilege shall bear the burden of persuasion. The producing party must preserve the information until the claim of privilege is resolved.

7.   **Filing Confidential Documents.**  In the event counsel for any of the parties wishes to file or submit to this Court any Confidential Documents (by way of pleadings, motions, briefs or any other papers or oral communication containing or making reference to such document or

information), counsel shall file the appropriate motion to seal in accordance with the procedures outlined in the Local Rules for the Northern District of California, including specifically Local Rule 79-5 and the party must seek leave of court before filing any Confidential Documents. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

If, however, a Document has been marked "Confidential" due solely to the fact that such Document contains a bank or financial institution customer's name, address, social security number, date of birth, account number, credit card number, personal identification number, account balance, information relating to a deposit account, loan or borrower relationship, loan application materials, and/or any other identifying information, and such personal information can be protected by redaction prior to filing, such Document may be filed without leave of court so long as the Document is redacted and such redaction allows the nonpublic personal financial information to be kept confidential pursuant to federal and state law.

**8.     Objections to Confidential Designation.**  If any party objects to the designation of a particular document as confidential, the objecting party shall give written notice of its objection to the designating party.  If, within ten (10) days from receipt of written notice, the parties have not reached an agreement concerning confidential status of the documents, the objecting party may apply to the Court for a ruling that the documents not be considered confidential and be deemed not subject to this Order.  Until such time as the Court has ruled on the objecting party's application, all parties shall continue to treat the document as confidential pursuant to the terms of this Order.  In any event, no confidential document or information shall lose its confidential status through its use in connection with any dispute over its confidential status, and the parties shall take all steps reasonably necessary to protect the confidentiality of such document during its use.

**9.     Violation of this Order.**  If a party has cause to believe that a violation of this Order has occurred or is about to occur, that party may petition this or any other proper court for appropriate relief.  To the extent any party feels the protections of this Order are not adequate for

particular Confidential Documents or information, that party may petition the Court for an appropriate amendment to this Order.

10. **Production of Confidential Documents in Response to Subpoena or in Connection with Judicial Proceedings.**  Nothing in this Order shall prohibit any party from using or disclosing Confidential Documents in response to a subpoena or court order seeking production of Confidential Documents or in connection with a criminal or administrative investigation by any government or governmental body, grand jury proceedings, or the trial or pretrial procedures and preparation of a criminal or administrative case.

11. **Return or Destruction of Confidential Documents.**  At the conclusion of this action, all Confidential Documents and copies thereof in the possession, custody or control of the parties shall be either returned to the producing party or destroyed.  All notes, memoranda, summaries or other documents in the possession, custody or control of the parties referring to, describing, or relating to Confidential Documents shall be destroyed, except that counsel to each party may retain one copy of pleadings, transcripts, exhibits, notes, memoranda, and correspondence even if such documents constitute or contain confidential information.  Such material retained by counsel shall continue to be subject to the terms and conditions of this Protective Order, and shall be returned to the producing party or be destroyed upon the expiration of the applicable statute of limitations for claims related to that counsel's representation of the receiving party.

*///*

1    **12.    Other Provisions.** This Protective Order shall be binding upon the parties hereto

2    from the date of execution, notwithstanding the date of entry of this Order by the Court. This

3    Protective Order shall not be amended, modified, or terminated without prior written notice to all

4    counsel or by Order of the Court.

5    DATED: November 25, 2015                   MORTGAGE RECOVERY LAW GROUP LLP

6

7                                               By:

8                                                     Lauren M. Gibbs
                                                Attorneys for Plaintiff Federal Deposit Insurance
9                                               Corporation as Receiver for BankUnited, F.S.B.

10   DATED: November 25, 2015

11

12

13                                              By:
                                                      Jonathan Seigel
14                                              Scheer Law Group
                                                155 N. Redwood Drive, Suite 100
15                                              San Rafael, CA 94903
                                                Attorneys for Defendant Pacific Mortgage Consultants,
16                                              Inc.

17   **IT IS SO ORDERED**

18

19   DATED:        November 30. 2015           By:

20                                                    Hon.
                                                      United
21

22                                                        Judge Jacqueline Scott Corley

23

24

25

26

27

28

---

8

**EXHIBIT A**

**AGREEMENT TO MAINTAIN CONFIDENTIALITY**

I have read the Agreed Protective Order issued on _____, 2015, in the action entitled *Federal Deposit Insurance Corporation as Receiver for BankUnited v. Pacific Mortgage Consultants, Inc.* (the "Order"), a copy of which is annexed hereto, and agree to abide by its terms. Additionally, I further agree to consent to the jurisdiction of the United States District Court for the Southern District of Florida for the purposes of enforcement of the Protective Order.

**Name:** _____     **Date:** _____
             **(Signature)**

**Name:** _____     **Telephone:** _____
             **(Printed)**                                    **(Business)**

**Company:** _____     **Telephone:** _____
                                                              **(Home)**

                                         **Telephone:** _____
                                                              **(Cell)**

**Address 1:** _____

**Address 2:** _____

**City:** _____

**State/Zip Code:** _____